UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGEL TALAVERA,

                              Plaintiff,                  **FIRST AMENDED COMPLAINT**

                -against-                             Jury Trial

                                                                    12 CV 5079 (WFK) (JMA)

THE CITY OF NEW YORK, NYC POLICE
DEPARTMENT, JOHN AND JANE DOES, ET AL.,

                              Defendants.
------------------------------------------------------------------X

       Plaintiff by and through his attorney, Vikrant Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Queens, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

10. Defendants and John and Jane Does (hereinafter "defendants") are/were members

of the NYPD assigned to the 75th precinct and employees of the City of New York and are sued in their individual and official capacities and are alleged to have acted under the color of state.

## FACTS

11. On November 14, 2011, individual defendants approached Plaintiff regarding a domestic dispute between plaintiff and his wife on or around 409 Elder Lane, Brooklyn, New York.

12. The two (2) individual defendants who arrived on the scene each questioned Plaintiff and his wife separately.

13. One of the defendants asked plaintiff for his identification presumably to check for outstanding warrants, which check came up negative.

14. One of the defendants then told plaintiff to take a walk and cool off.

15. Plaintiff was about to walk away and go to the train station when he realized that he did not have any money.

16. While the defendant officers were still on or near the scene, plaintiff approached his wife while remaining outside the house and asked her to get some money for the train that was on the night-stand by his bed.

17. However this did not bode well with one of the defendant officers who came at plaintiff yelling and shouting obscenities at him. Plaintiff informed the defendant that he was waiting for his wife to come back with the train fare, when that defendant yanked plaintiff onto the sidewalk and had him put his hands on the hood of the police cruiser.

18. At that point, defendant officers asked plaintiff to spread his legs, when plaintiff did so, one of the defendants kicked his right ankle so hard that plaintiff buckled under pain.

19. Plaintiff was in pain and immediately requested medical treatment from both officers at the scene.

20. When the defendants arrived at the precinct the desk sergeant recklessly disregarded plaintiff's need for medical attention.

21. When plaintiff once again reiterated his demand from medical attention, the two arresting officers stated that they would charge him with assaulting an officer and threatened him with a longer prison term. Plaintiff therefore kept quite and continued to suffer, albeit quietly, in pain.

22. When plaintiff arrived at Rikers Island the next day, he immediately sought medical attention and the medical provided who tendered to him diagnosed his injury as being a fracture on his right ankle.

23. All charges against plaintiff were dismissed on February 28, 2012.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of rights under Section 1981)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. Plaintiff had his 42 U.S.C. 1981 rights violated simply because he was Hispanic and because of his race and color.

26. As a result of defendants' conduct plaintiff's constitutionally protected rights were violated and he suffered injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Cruel and Unusual Punishment)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Plaintiff had his Eighth Amendment right to be free from cruel and unusual punishment when defendants denied him timely medical care and threatened to file false charges against him if he reported their misconduct. This resulted in delayed treatment, unnecessary and needless suffering and defendants were deliberately indifferent to his medical needs.

29. As a result of defendants' conduct plaintiff's constitutionally protected rights were violated and he suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive force)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendant John Does used unreasonable and excessive force and caused unnecessary injuries to plaintiff.

32. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants John and Jane Does were present when this assault on Plaintiff took place. Yet they failed to intervene and failed to further protect plaintiff by getting him medical care to protect the John Doe defendant who assaulted Plaintiff.

35. As a result of Defendants' individual and collective conduct, Plaintiff was injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants, collectively and individually, had a practice and policy of failing to intervene and protecting each other behind the blue wall of silence and causing unnecessary injuries upon persons.

38. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, assaulting and battering individuals and covering up their actions. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

39. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

41. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A NINETH CAUSE OF ACTION
(Assault under the laws of the State of New York)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

49. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

50. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants made offensive contact with Plaintiff without privilege or consent.

53. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

56. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

57. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

58. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

59. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TWELVETH CAUSE OF ACTION
(Violation of First Amendment Rights)

60. Plaintiff repeats and realleges each and every of the foregoing paragraphs as if fully set forth herein.

61. Plaintiff was threatened retaliation of additional and fabricated charges if he continued to demand medical attention.

62. Such threats had a chilling affect on plaintiff's first amendment rights and he was injured as a result of this conduct.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False Arrest)

63. Plaintiff repeats and realleges each and every of the foregoing paragraphs as if fully set forth herein.

64. Plaintiff was falsely arrested for crimes he did not commit and as a result had his parole revoked and he was sentenced to prison.

65. Because the false arrest of plaintiff by the defendants, plaintiff suffered damages.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Prosecution)

66. Plaintiff repeats and realleges each and every of the foregoing paragraphs as if fully set forth herein.

67. Plaintiff was maliciously prosecuted until the charges against him were dropped on February 28, 2012.

68. As a result, plaintiff was deprived of Due Process and liberty because of defendants' conduct and was injured.

## AS AND FOR A FIFTHEENTH CAUSE OF ACTION
(Right to a Fair Trial)

69. Plaintiff repeats and realleges each and every of the foregoing paragraphs as if fully set forth herein.

70. As a result of defendants' unlawful conduct, plaintiff was denied the process that he was due and upon information and belief subjected him to violation of his parole/probation and as a result was sentenced to prison.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 24, 2012

Vikrant Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vikrant Pawar, Esq.
*Attorney for Plaintiff*